IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY W. WELLS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF WILMINGTON, DELAWARE, )<br>and STATE OF DELAWARE, )<br>)<br>Defendants. ) | Civ. No.16-076-SLR |

Stanley W. Wells, Jr., Philadelphia, Pennsylvania. Pro se Plaintiff.

Sanjay Bhatnagar, Esquire, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendant City of Wilmington, Delaware.

Stuart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant State of Delaware.

**MEMORANDUM OPINION**

Dated: June 28, 2017
Wilmington, Delaware

*[signature]*
**ROBINSON, Senior District Judge**

## I. INTRODUCTION

Plaintiff Stanley W. Wells, Jr. ("plaintiff"), who resides in Philadelphia, Pennsylvania, proceeds pro se and has paid the filing fee.[1] He challenges the constitutionality of Wilmington City Code § 37-95(b).[2] (D.I. 1) Presently before the court are defendants' motions to dismiss, opposed by plaintiff. (D.I. 14, 17) Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (*i.e.*, federal question). For the following reasons, the court will grant in part and deny in part defendants' motions.

## II. BACKGROUND

The complaint alleges that on or about June 21, 2015, plaintiff received a traffic citation via U.S. mail for failing to stop at a red-light traffic signal on June 11, 2015, at 12:57 p.m., in Wilmington, Delaware. The citation and a civil assessment were imposed under Wilmington Code § 37-95(b)(1) as authorized by Delaware enabling statute 21 Del. C. § 4101(d)(2). Plaintiff disagreed with the citation and mailed a notice of intent to appeal to defendant City of Wilmington ("the City"). A few weeks later he received a summons and notice of trial set for October 20, 2015 to be held at the Justice of the Peace Court of the State of Delaware in and for New Castle County, Court No. 10.

---

[1]The civil cover sheet checked the box for "a class action under F.R.C.P. 23." (D.I. 1) It is a well-accepted Third Circuit principle that pro se litigants are generally not appropriate class representatives. *See Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013) (unpublished) (upholding the district court's decision to decline to treat the plaintiffs' case as a class action because "one pro se litigant cannot represent another"); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (citing 28 U.S.C. § 1654 and also stating that "one pro se litigant cannot represent another").

[2]While not specifically set forth, plaintiff's claims appear to lie under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Following the October 20, 2015 trial, plaintiff was found liable for a civil assessment of $110 plus $25 court costs and a $10 court security fee for a total amount due of $145 to be paid in one installment on February 20, 2016. The complaint does not indicate whether plaintiff appealed. He commenced this action on February 11, 2016.

The complaint alleges that Wilmington Code § 37-95(b) is unconstitutional because:

**(1)** it denies due process under the Fifth Amendment to the United States Constitution and also violates Article 1, Section 7 under the Delaware Constitution;

**(2)** it denies the right to confront and cross-examine witnesses under the Sixth Amendment to the United States Constitution;

**(3)** the representative of the company contracted by the City to operate the red-light camera program has a substantial vested monetary interest in helping the City convict an alleged red-light camera violator;

**(4)** the City uses retired police officers to review potential red-light camera violations under the erroneous belief that a retired police officer is not bound by the same oath as an active police officer;

**(5)** the City classifies the red-light camera violations as civil in nature so that the constitutional protections afforded a criminal defendant are inapplicable;

**(6)** camera monitoring violates the Fourth Amendment of the United States Constitution due to the unreasonable search and monitoring of movements;

**(7)** it violates the Fifth Amendment of the United State Constitution as it shifts the burden of proof to the alleged violator as opposed to the City which eliminates the presumption of innocence and deprives property without due process;

**(8)** it violates the right to counsel under the Sixth Amendment because § 37-95(b) is classified as a civil citation and not a criminal offense;

**(9)** it violates the Seventh Amendment because plaintiff was denied the right to a jury trial even though the red-light camera ticket exceeded twenty dollars;

**(10)** it violates the Eighth Amendment of the United States Constitution because the City uses tactics to force the owner of a vehicle to pay the fine if the identified operator/driver who committed the violation fails to appear in court or pay the fine;

**(11)** it violates Fourteenth Amendment rights to due process and equal protection due to the blatant difference in the treatment of two groups of people - out-of-state vehicle owners versus Delaware vehicle owners;

**(12)** it disregards Article VI, Clause $3^3$ of the United States Constitution which requires judicial officers "shall be bound by oath or affirmation to support" the United States Constitution; and

**(13)** it violates the Supremacy Clause (Article VI, Clause 2) of the United States Constitution.

The complaint further alleges that: (1) the proceedings blatantly disregarded the recognized standards of law or justice in the United States of America; (2) the manner in which the City operates its red-light cameras is biased and corrupt; (3) § 37-95(b) results in the lack of an evidentiary foundation to enter digital/electronic photographs into evidence; and (4) the City's court proceedings violate spousal privilege, marital privilege and/or husband-wife privilege. There is no prayer for relief.

---

[3]The complaint incorrectly refers to this as Article IV instead of Article VI.

3

The City and defendant State of Delaware ("the State") (together "defendants") move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that: (1) the court lacks subject matter jurisdiction; (2) the Rooker-Feldman doctrine precludes the exercise of subject matter jurisdiction; (3) the complaint fails to state a claim upon which relief may be granted; (4) the complaint fails to state any plausible claims for relief for constitutional violations; (5) plaintiff failed to comply with the court's June 20, 2016 show cause order; and (6) the State is immune from suit under the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. at 358 (quoting In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

4

## B. Fed. R. Civ. P. 12(b)(6)

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Defendants contend that dismissal is proper for lack of subject matter jurisdiction. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Civil actions arise under federal law only when the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Defendants argue that plaintiff fails to establish that jurisdiction exists in this matter. They argue there is no federal question because the citation at issue derives from local municipal law, and rely upon *City of Phenix City v. Carroll*, 2016 WL 1371133 (M.D. Ala. Mar. 14, 2016), to support their position. However in *Phenix City*, the jurisdiction issue revolved around the removal of a traffic citation case, a case that could not have been filed in federal court originally. As the *Phenix City* court notes, while counterclaims and defenses may have invoked questions of federal law, they must be disregarded for purposes of federal question jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 50 (2009).

Contrary to *Phenix City*, plaintiff did not remove his traffic citation case (that arises under municipal law) from State court to this court. Moreover, the complaint alleges that the municipal law at issue violates the United States Constitution and, thus,

6

clearly raises a federal question. Further, although the complaint does not directly address the issue of jurisdiction, plaintiff's civil cover sheet indicates jurisdiction lies in this court by reason of a federal question under 28 U.S.C. § 1331. (See D.I. 1, civil cover sheet) Therefore, the court will deny the motions to dismiss for want of subject matter jurisdiction.

### B. *Rooker-Feldman* Doctrine

Defendants also seek dismissal under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Under *Rooker-Feldman*, a federal district court lacks subject-matter jurisdiction to review final state court judgments. *See Gary v. Braddock Cemetery*, 517 F.3d 195, 206 (3d Cir. 2008). It "is a narrow doctrine, limited to cases brought by state-court losers complaining of injuries caused by previously rendered state-court judgments and inviting district court review and rejection of those judgments." *Otto v. Wells Fargo Bank, N.A.*, __F. App'x __, 2017 WL 2364377 (3d Cir. May 31, 2017) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quotation marks and citation omitted). The *Rooker-Feldman* doctrine applies if: (1) the federal plaintiff lost in state court; (2) the plaintiff presently complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *See Great Western Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

Here, plaintiff complains of no injuries and does not seek rejection or review of the finding against him and fine assessed. Instead, he raises independent claims seeking to have § 37-95(b) declared unconstitutional. The *Rooker-Feldman* doctrine "does not apply if a plaintiff presents an independent claim in the federal action—even if that claim denies a legal conclusion that the state court reached." *Exxon Mobil*, 544 U.S. at 293; *see also Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004) (a constitutional claim may be independent, even if it has an effect on the state determination). Thus, while the State court finding plaintiff responsible for the red-light violation and resulting assessment may preclude some or all of plaintiff's claims, they do not provide a basis for application of the *Rooker-Feldman* doctrine. Accordingly, the court will deny the motions to dismiss on this ground.

## C. Eleventh Amendment

The State moves for dismissal on the basis of its Eleventh Amendment immunity. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished).

Therefore, the court will grant the motion to dismiss the State as it is immune from suit.

### D. Pleading Deficiencies

Defendants move to dismiss on the grounds that the complaint is deficiently pled and, more particularly, it does not contain a prayer for relief. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, under Rule 8, a complaint must contain a coherent, intelligible and attainable "demand for the relief sought." *Robertson v. Samuels*, 2014 WL 793107, at *4-5 (M.D. Pa. Feb. 26, 2014) (failure to articulate a prayer for relief compels dismissal).

Since a complaint must, at a minimum, contain a prayer for relief, it follows that this complaint, which does not state the relief sought by plaintiff, fails as a matter of law. *See Harriot v. City of Wilkes Barre*, 2015 WL 12914140, at *7 (M.D. Pa. Apr. 30, 2016) Therefore, the court will grant the motions to dismiss pursuant to Fed. R. Civ. P. 8. Plaintiff will be given leave to amend.

### E. Failure to State a Claim

The complaint alleges that § 37-95(b) violates the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments and Article VI, Section 1, Clause 2 and Clause 3 of the United States Constitution. The complaint also contains other numerous and sundry claims. Defendants move for dismissal on the grounds that the complaint fails to state any plausible claims for relief for constitutional violations. Defendants argue that courts have routinely found that red-light camera programs pass constitutional muster.

The court notes that plaintiff failed to address the specific constitutional issues raised by defendants. Instead, in his response, plaintiff focuses on Eleventh Amendment immunity and states that "the unconstitutionality of the state of Delaware law/code [(State of Delaware code, TITLE 21, Chapter 4, Subchapter I, 4101, (d)(2)(3)] remains in question," referring to State law and not a municipal law. (D.I. 19 at 1) There is no mention of the alleged unconstitutionality of § 37-95(b). Regardless, because plaintiff proceeds pro se, the court considers whether it is appropriate to dismiss plaintiff's claims that § 37-95(b) violates the United States Constitution.

In determining the constitutionality of red-light camera programs, it must first be determined whether a violation of § 37-95(b) is characterized as civil or criminal in nature. Defendants do not address this issue. However, it is apparent when reviewing their motion the assumption is that § 37-95(b) is civil in nature. Conversely, the complaint alleges otherwise.

Of note is that in cases where courts have reviewed red-light camera programs similar to § 37-95(b) and have found the process or procedure constitutional, the determination has been made at the summary judgment (not dismissal) stage and upon a finding that the ordinance or statute was civil in nature. *See e.g., Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140 (4th Cir. 2014) (summary judgment granted in favor of two Maryland towns finding notice and hearing afforded by Maryland's speed camera statute satisfy due process; notice sent by first-class mail was reasonably calculated to provide actual notice of speeding violation and civil penalties; availability of a trial in state court, upon alleged violator's election, provided adequate opportunity to be heard on any objections prior to imposition of the statutory penalties; any flaws in the

citation or enforcement process could have been challenged in state courts); *Kilper v. City of Arnold, Mo.*, 2009 WL 2208404 (E.D. Mo. July 23, 2009) (after determining city's red-light camera ordinance was civil in nature, summary judgment granted in motorists' civil rights claim against city alleging that the ordinance violated federal due process); *Shavitz v. City of High Point*, 270 F. Supp. 2d 702, 711-717, 722 (M.D.N.C. 2003) (summary judgment granted in favor of defendants finding for purposes of procedural due process challenge to statute and ordinance authorizing traffic control photographic system, statute and ordinance were civil in nature; statute stated that "violation detected by a traffic control photographic system shall be deemed a noncriminal violation for which a civil penalty of fifty dollars shall be assessed," the laws at issue did not impose a physical restraint, monetary assessments were traditionally viewed as a form of civil remedy, penalty was assessed against any violator of the ordinance without regard to violator's knowledge or state of mind, and penalty was not excessive in relation to the alternative purpose of promoting public safety; statute and ordinance authorizing traffic control photographic system did not violate equal protection).

Liberally construing the complaint, plaintiff appears to have raised cognizable claims. Moreover, the parties have not clearly focused on whether § 37-95(b) is civil or criminal in nature and that determination is central to the constitutional issues in this case which must be addressed as questions of federal law. Therefore, the court will deny the motions to dismiss to the extent they address the constitutionality of § 37-95(b), subject to further presentation of the parties' positions on the constitutionality of § 37-95(b) and upon further development of the parties' arguments and the record.

### F. Show Cause Order

On June 20, 2016, the court ordered plaintiff to show cause why the complaint should not be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4 and 10 Del. C. § 3103(c). (D.I. 5) Plaintiff did not file a formal response to the show cause order, but it appears that, on July 12, 2016, he sought issuance of summonses for the City and the State, they were issued, and plaintiff signed a second acknowledgment receipt for Fed. R. Civ. P. 4. (D.I. 6) On August 18, 2017, counsel for the City entered an appearance and on September 7, 2016, counsel for the State entered an appearance.

Defendants move for dismissal on the grounds that plaintiff failed to comply with the June 20, 2016 show cause order pursuant to Fed. R. Civ. P. 41(b) and for failure to serve the complaint within ninety days pursuant to Fed. R. Civ. P. 4(m). It is apparent from the court docket that plaintiff took action following issuance of the show cause order. Summonses were issued and defendants were served. Therefore, the court will deny the motions to dismiss on the grounds that plaintiff failed to respond to the show cause order.

### V. CONCLUSION

For the above reasons, the court will: (1) grant in part and deny in part defendants' motions to dismiss (D.I. 13, 17); (2) dismiss the State of Delaware as a defendant; and (3) give plaintiff leave to amend.

An appropriate order will be entered.